UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREW T. HINCKLEY,<br><br>      Plaintiff,<br><br>    v.<br><br>THURSTON COUNTY, and GARY S. EDWARDS, Sheriff, Thurston County, and YAKIMA COUNTY, and KEN IRWIN, Sheriff, Yakima County,<br><br>      Defendants. | Case No.  C05-5458RJB<br><br>ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE |

This matter comes before the Court on Defendant's Motion and Memorandum in Support of Summary Judgment filed by the Thurston County and Edwards defendants only. Dkt. 23-1. The Court has reviewed the motions, responses, supporting documents, and record herein.

FACTUAL BACKGROUND

Plaintiff's claims arise from alleged inadequate medical care and an alleged beating by fellow inmates while incarcerated. Plaintiff brings suit under 42 U.S.C. § 1983 and the Constitution and laws of the State of Washington and requests an award of damages, fees, and costs. Dkt. 22. The following recitation of the factual background of the case accepts Plaintiff's factual allegations as true where noted for the purposes of summary judgment.

Plaintiff was sentenced to nine months in the Thurston County Jail on December 3, 2002 for the crime of assault in the second degree. Dkt. 22 at 5. While incarcerated at the Thurston County Jail in January 2003, Plaintiff slipped and fell in the shower area and injured his left shoulder and elbow. *Id*. Helen Banner, an advanced nurse practitioner at the jail, examined Plaintiff three days later, determined he

suffered from septic bursitis from his fall, and prescribed pain and anti-inflammatory medications. Dkt. 23-2.

In January 2003, the Thurston County Jail transferred Plaintiff to the Yakima County Jail to alleviate overcrowding at the Thurston County Jail. Dkt. 22 at 5. Both jails contract to transfer inmates to Yakima pursuant to RCW § 70.48.220 to alleviate Thurston County Jail overcrowding. *Id*. at 3. Both jails are subject to the same federal and state constitutional, statutory, and regulatory requirements. *Id*. These requirements include the responsibility to provide adequate medical care and the responsibility to adopt standards for the operation of jail facilities ensuring inmates' health, safety, and welfare. *Id*.

While plaintiff was incarcerated at Yakima County Jail, Thurston County and its officials did not have any control over the day-to-day operations or operating policies and procedures of the Yakima County Jail. Dkt. 22 at 4. The Yakima-Thurston contract clearly states Yakima County's responsibility for the transferred inmates and requires Yakima County to meet all state and federal jail standards:

> "It shall be the responsibility of Yakima County to confine the inmate or inmates, to provide treatment, ... to maintain proper discipline and control... nothing contained herein shall be construed to authorize or permit the imposition of a type of discipline prohibited by the Laws of the State of Washington."

Dkt. 23-3 at 7. The contract also states that "Yakima County is an independent contractor and neither it nor its officers, agents, or employees are employees of Thurston County for any purpose." *Id*. at 10.

While incarcerated at Yakima County Jail, Plaintiff sought additional treatment for his shower fall injuries. Yakima County Jail officials sent him to Yakima Memorial Hospital, where his shoulder was x-rayed but "showed no signs of fracture, subluxation or other radiographic abnormalities." Dkt. 22 at 6, Dkt. 23-1 at 6.

Also while at Yakima County Jail, Plaintiff alleges that other inmates severely beat him, resulting in further injuries. Dkt. 23-1 at 7. For the purposes of summary judgment, the Court incorporates Plaintiff's allegations regarding this incident. Plaintiff alleges that Yakima jail officials transferred him to another unit within the Yakima County Jail after he informed officials that other inmates were making weapons. Dkt. 22 at 6. Plaintiff alleges that inmates from both units communicated and that inmates in his new unit threatened him; he informed jail officials of this threat and they moved him to a third unit for two weeks before returning him to the second unit over his protest. *Id*. Inmates there allegedly brutally

ORDER GRANTING SUMMARY JUDGMENT
Page - 2

beat him, after which he was moved again, visited sick call, and there was beaten by another inmate. *Id*. at 7.

Plaintiff alleges that Thurston County and Sheriff Edwards "owed a duty to Plaintiff to provide for his safety" even while he was incarcerated under contract at Yakima County Jail. Dkt. 22 at 9. Plaintiff alleges that they failed to meet this duty, giving rise to § 1983 and Washington State constitutional liability. *Id*. at 9-10. Plaintiff has sued Thurston County, "Gary S. Edwards, Sheriff, Thurston County," Yakima County, and "Ken Irwin, Sheriff, Yakima County." Plaintiff does not specify whether he sues the sheriffs in their personal or official capacities. Dkt. 22.

SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56©) (1987). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e) (1987). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial - e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the

hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. Natl. Wildlife Fedn.*, 497 U.S. 871, 888-89 (1990).

## ANALYSIS

A careful review of the record shows that dismissal of Plaintiffs' claims against Thurston County and Edwards is warranted. Plaintiff has conceded that he cannot meet the "deliberate indifference" standard to support his claim that his Eighth Amendment rights were violated by these defendants due to inadequate medical care, and dismissal of that claim is thus appropriate. Plaintiff also has not responded to these Defendants' argument that Plaintiff has no remedy under the Washington State Constitution and dismissal of that claim as to Thurston County and Edwards is therefore appropriate. *See* Local Rules W.D. Wash. CR 7(b)(2) ("If a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.").

Consequently, the Court only need review whether Plaintiff's § 1983 claim may proceed against Thurston County and Sheriff Edwards for injuries inflicted by other inmates while Plaintiff was incarcerated at the Yakima County Jail.

*Respondeat superior* or agency theories are not valid bases to premise liability under 42 U.S.C. § 1983. Municipalities and other local government units such as counties may not be held liable under § 1983 for the acts of an agent or employee. *Monell v. Dept. of Soc. Serv. of N.Y.*, 436 U.S. 658, 663 (1978). The Court held,

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694.

In contrast, Plaintiff must show that any constitutional violation he suffered resulted from an official policy, practice, or custom of the county. *See Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). Where an allegation stems from an isolated incident of allegedly unconstitutional activity unattributable to established municipal policy, the county cannot be liable under § 1983. *See Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). Instead, the municipality will only be liable

ORDER GRANTING SUMMARY JUDGMENT
Page - 4

> "where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered. The fact that a particular official - even a policymaking official - has discretion in the exercise of particular functions does not, without more, give rise to municipal liability based on an exercise of that discretion. The official must also be responsible for establishing final government policy respecting such activity before the municipality can be held liable."

*Pembaur*, 475 U.S. at 481-83. Consequently, in the instant case Plaintiff must show that Thurston County and Sheriff Edwards had final policy making authority with respect to specific policies, procedures, or customs that caused Plaintiff's injuries at the hands of the other inmates in the Yakima County Jail..

Thurston County and Sheriff Edwards did not retain final policy making authority regarding conditions at the Yakima County Jail. As Defendants state, "Yakima County is responsible for the supervision and control of Thurston County inmates that are transferred to the Yakima County Jail. Decisions regarding classification and housing are the responsibility of Yakima County and not controlled by any policies or procedures of Thurston County or the Thurston County Corrections Facility. Dkt. 23-1 at 7-8. Since Plaintiff therefore cannot hold Defendants liable under § 1983 for the jail management decisions of Yakima County officials, Plaintiff must seek an alternative theory to assign liability.

Plaintiff similarly cannot establish Thurston County liability by arguing that Thurston County officials' decision to transfer Plaintiff to Yakima County is the cause of his injury. Whatever Thurston County's basis for its inmate transfer policy, that policy must be the moving force behind Plaintiff's alleged constitutional violation for liability to be established. *Monell*, 436 U.S. at 694. Plaintiff's argument is insufficient because Thurston County's policy of transferring inmates to another jail governed by the same constitutional, statutory, and regulatory standards it faces has no causal relationship with Plaintiff's injuries. Since the record is devoid of any evidence that Thurston County should have known Yakima County ran a constitutionally deficient jail, if indeed that is determined at another stage of this case, the simple decision to transfer an inmate under a contract sanctioned by State law cannot be said to establish direct liability. As Defendants state, "[u]sing Plaintiff's logic, anytime an inmate is injured the County is automatically liable under 42 U.S.C. § 1983 because the County has a policy of [transferring inmates]." Dkt. 25 at 4. Similarly, Plaintiff's argument that Thurston County "has adopted the standards and policies of Yakima County" is an insufficient basis on which to establish a direct causal link. These arguments are attempts to circumvent the bar on *respondeat superior* liability under § 1983, and Plaintiff has, as a matter

of law, failed to establish facts sufficient to hold Thurston County and Sheriff Edwards liable under § 1983. Plaintiff additionally has failed to introduce specific facts on which to hold Sheriff Edwards liable; Plaintiff instead relies on conclusory statements insufficient to withstand summary judgment. In order to show a prima facie case under § 1983, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff therefore cannot hold Sheriff Edwards liable under § 1983 absent personal participation in the decisions regarding prison safety conditions in Yakima. Defendants have introduced clear evidence showing that "supervision and protection of inmates in the Yakima County Jail is not controlled by any policy, practice or customs of Thurston County." Dkt. 23-1. *See also* Declaration of Gary Edwards, Dkt. 23-4 at 2 ("I was not involved in any decision regarding . . . the decision to transfer [Plaintiff] to the corrections facility in Yakima, Washington."). In the face of this well-supported claim, Plaintiff's conclusory statements that Sheriff Edwards is personally responsible for any decisions regarding Yakima jail conditions is insufficient to withstand summary judgment.

## CONCLUSIONS ON MOTION

Due to the insufficient causal link between any policy, practice, or custom of Thurston County or Sheriff Edwards and Plaintiff's injuries at the hands of the other inmates, Plaintiff's § 1983 claim against those defendants is without merit. Additionally, Plaintiff has conceded that his claims against Thurston County and Edwards related to his medical care are without merit and has failed to adequately support his Washington State constitutional claim against Thurston County and Edwards. Accordingly, Defendants' Thurston County and Sheriff Edwards Motion and Memorandum in Support of Summary Judgment, Dkt. 23-1, is hereby GRANTED. Thurston County and Sheriff Edwards, and all claims against them, are hereby DISMISSED without prejudice. The case may proceed against the other defendants.

## VENUE

The foregoing decision raises the question of whether venue should be changed to the Eastern District of Washington at Yakima pursuant to 28 U.S.C. § 1404 and 28 U.S.C. § 1391(b). The parties are hereby ORDERED to show cause, if any they have, in writing, on or before June 30, 2006, why the case should not be transferred.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of June, 2006.

*Robert J. Bryan*
Robert J. Bryan
United States District Judge