1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

ANDREW T. HINCKLEY,

11
                          Plaintiff,                       Case No.  C05-5458RJB

12
                v.

13
THURSTON COUNTY, and GARY S.                ORDER TRANSFERRING CASE
EDWARDS, Sheriff, Thurston County, and      TO U.S. DISTRICT COURT FOR
14
YAKIMA COUNTY, and KEN IRWIN,               THE EASTERN DISTRICT OF
Sheriff, Yakima County,                     WASHINGTON
15
                          Defendants.

16

17      This matter comes before the Court *sue sponte* after the Defendants Thurston County and Gary S.

18  Edward's Motion for Summary Judgment was granted.  Dkt. 26.

19      This Court determined that due to the insufficient causal link between any policy, practice, or

20  custom of Thurston County or Sheriff Edwards and Plaintiff's injuries at the hands of inmates in the Yakima

21  County jail, Plaintiff's § 1983 claim against those Defendants was without merit. *Id.*  Additionally, Plaintiff

22  conceded that his claims against Thurston County and Sheriff Edwards related to his medical care were

23  without merit and failed to adequately support his Washington State constitutional claim against Thurston

24  County and Sheriff Edwards. *Id.*  Plaintiff's claims against Thurston County and Sheriff Edward were

25  dismissed. *Id.*

26      In light of the resolution of Thurston County and Gary S. Edward's Motion for Summary Judgment,

27  this Court raised the question of whether venue should be changed to the Eastern District of Washington at

28  Yakima pursuant to 28 U.S.C. § 1404 and 28 U.S.C. § 1391(b).  Accordingly, the parties were ordered "to

show cause if any they have, in writing, on or before June 30, 2006, why the case should not be transferred."

ORDER GRANTING SUMMARY JUDGMENT
Page - 1

1   No response was filed.  Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in

2   the interest of justice, a district court may transfer any civil action to any other district or division where it

3   might have been brought."  28 U.S.C. § 1391(b) provides that,

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may,
> except as otherwise provided by law, be brought only in (1) a judicial district where any
> defendant resides, if all defendants reside in the same State, (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a substantial
> part of property that is the subject of the action is situated, or (3) a judicial district in which
> any defendant may be found, if there is no district in which the action may otherwise be
> brought.

Because the remaining Defendants are Yakima County and Ken Irwin, Sheriff of Yakima County, "for the

convenience of the parties and witnesses, and in the interest of justice," and in light of the venue

requirements of 28 U.S.C. § 1391(b),  this matter should be transferred to the Eastern District of

Washington.

Therefore, it is hereby

**ORDERED** that pursuant to 28 U.S.C. § 1404 and 28 U.S.C. § 1391(b), this case is

**TRANSFERRED** to the United States District Court for the Eastern District of Washington.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

party appearing *pro se* at said party's last known address.

DATED this 14th day of July, 2006.

Robert J. Bryan
United States District Judge